Fraser A. McAlpine (State Bar No. 248554)
Douglas G.A. Johnston (State Bar No. 268880)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: douglas.johnston@jacksonlewis.com

Attorneys for Defendant
CEVA LOGISTICS U.S., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL FRONDA, on behalf of himself, all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>STAFFMARK HOLDINGS, INC., a Delaware corporation; CEVA LOGISTICS U.S., INC., a Delaware corporation; AMAZON.COM LLC, a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 (AS AMENDED BY THE CLASS ACTION FAIRNESS ACT OF 2005 PUB. L. 109-2, SECTION 4(A) ("CAFA")), 1441(A) AND (B) AND 1446**<br><br>Complaint Filed:  4/17/2015<br>Removal Filed:     5/22/2015 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant CEVA Logistics U.S., Inc. ("Defendant" or "CEVA") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Alameda ("State Superior Court").

///

///

**INTRODUCTION**

1. On April 17, 2015, Plaintiff Earl Fronda filed a civil complaint against Defendants Staffmark Holdings, Inc., CEVA Logistics U.S., Inc., Amazon.com LLC and DOES 1 – 50 in the Superior Court of the State of California in and for the County of Alameda, Case No. RG15766849. The Complaint sets forth the following six causes of action: (1) Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (2) Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1, and 1198); (3) Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); (4) Failure to Timely Pay All Final Wages (Lab. Code §§ 201 – 203); (5) Failure to Pay Wages Without Discount (Labor Code § 212); and (6) Unfair Competition (Bus. & Prof. Code §§ 17200, et seq.

2. Defendant CEVA first received Plaintiff's Summons and Complaint and related court documents on April 22, 2015. A copy of the Summons, Complaint and other related court documents received by CEVA is attached as **Exhibit "A."**

3. On May 19, 2015, Plaintiff filed an Amended Complaint against Defendants Staffmark Holdings, Inc., CEVA Logistics U.S., Inc., Amazon.com LLC and DOES 1 – 50 in the Superior Court of the State of California in and for the County of Alameda, Case No. RG15766849. Declaration of Douglas G.A. Johnston ("Johnston Decl.") ¶ 2. By phone and e-mail CEVA requested and consented to service by e-mail of the Amended Complaint. Johnston Decl. ¶ 3. On May 21, 2015, Plaintiff purportedly sent via e-mail the First Amended Complaint to counsel for CEVA. Johnston Decl. ¶ 4. The e-mail, however, did not attach the First Amended Complaint, rather the e-mail attached an amended summons to the initial complaint indicating service of the complaint on Defendant Amazon.com. Id. CEVA has, therefore, yet to be served Plaintiff's First Amended Complaint. Based on representations by Plaintiff's counsel, CEVA is informed that the only material changes to the Amended Complaint are: (1) further allegations regarding venue; and (2) the addition of a cause of action under California's Private Attorney General Act (Labor Code §§ 2698 et seq.). Johnston Decl. ¶ 3.

4. Based on representations by Plaintiff's counsel, CEVA is informed that the only material changes to the Amended Complaint are: (1) further allegations regarding venue;

and (2) the addition of a cause of action under California's Private Attorney General Act (Labor Code §§ 2698 et seq.). Johnston Decl. ¶ 3. Counsel for CEVA has obtained a copy of the First Amended Complaint from the Alameda County Superior Court. Johnston Decl. ¶ 5. A copy of the unserved First Amended Complaint is attached as **Exhibit "B."** A review of the Amended Complaint reveals the representations made by Plaintiff's counsel regarding the material changes to the complaint are accurate.

## TIMELINESS OF REMOVAL

5.      This Notice of Removal is filed within thirty (30) days from when Plaintiff served CEVA with his Summons and Complaint. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Alameda Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7.      Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8.      In addition, CAFA confers jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

9.      As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations set forth in the Complaint by Plaintiff, the matter in controversy exceeds the sum of $5,000,000 (*see infra*), exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant. Furthermore, the

Defendant is not a State, State official, or other governmental entity.

## VENUE

10. The action was filed in Alameda County Superior Court. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), and 1441(a) and 1446. Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a).

## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. SECTIONS 1332(a) AND (d))

**A.   Plaintiff and CEVA are citizens of different states.**

11. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant, when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

12. Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. See Mann v. City of Tucson, 782 F.2d 790 (9th Cir. 1986).

13. Plaintiff fails to state his place of citizenship or that of class members. CEVA hereby alleges that Plaintiff is a citizen of California and at least one class member is a citizen of California.[1]  As discussed below, there are over 6,000 class members (accounting for four of CEVA's eleven facilities alone) that Plaintiff alleges worked as hourly employees in California. It is inconceivable that not one of the class members lives in the state of California. Plaintiff cannot escape this jurisdictional fact by failing to state it in his pleadings.

///

---

[1] Where the Complaint is silent to a jurisdictional element, a defendant's notice of removal need include only a plausible allegation that a jurisdictional element has been met. See Dart Cherokee Basin Operating Company, LLC v. Owens, 574 U.S. ___, 135 S. Ct. 547, 554 (2014).

4

Notice of Removal of Action to Federal Court Under 28 U.S.C. §§ 1332
(as Amended by CAFA, 1441(a) and (b) and 1446                              Case No. TBA

14. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15. Plaintiff correctly alleges that CEVA is a Delaware Corporation. Exhibit A, Complaint at ¶ 7. CEVA's headquarters and principal place of business is in Houston, Texas. Declaration of Larry Golden ("Golden Decl.") ¶ 3. Houston, Texas is where the corporation's high-level officers direct control and coordinate CEVA's operations. Id.; The Hertz Corporation v. Friend (2010) 130 S.Ct. 1181, 1192. Furthermore, Plaintiff alleges in his First Amended Complaint that "none of the defendants resides in the state, since the designated principal place of business for each corporate defendant is not California . . . ." Exhibit B, ¶ 5.

16. The presence of Doe defendants has no bearing on the diversity with respect to removal. See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

17. Therefore, the diversity element of CAFA removal is satisfied as Plaintiff or at least one class member is a citizen of California and CEVA is a citizen of Texas.

**B.      The Putative Class Contains More Than 100 Members.**

18. Plaintiff raises claims against three companies – CEVA, Amazon.com and Staffmark.

19. Plaintiff admits that he "does not currently know the exact numbers of class members . . . ." Exhibit A, ¶ 16.

20. Plaintiff alleges eight different classes, including (See Exhibit A, ¶ 14):

    a.   The Hourly Employee Class: defined as all persons employed by Defendants in hourly or non-exempt positions in California during the relevant time period;

    b.   The Meal Break Class: defined as all hourly employees of Defendants in California who worked a shift in excess of five hours during the relevant time period;

    c.   The Amazon Security Check Class: defined as all hourly employees who worked at a distribution or warehouse facility which has been

owned, managed or otherwise operated by Amazon.com LLC in California during the relevant time period and were required to pass through a security check to enter their place of employment;

d. <u>The Amazon Meal Break Sub-Class</u>: defined as all Amazon Security Check class members California [sic] during the relevant time period who worked a shift in excess of five hours;

e. <u>The Pay Card Class</u>: defined as all persons employed by Defendants in California who, during the relevant time period, were paid their wages with a pay card and were not paid all earned wages;

f. <u>The Wage Statement Penalties Class</u>: defined as All Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of the Complaint and ending when final judgment is entered;

g. <u>The Waiting Time Penalties Class</u>: defined as all Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered; and

h. <u>The UCL Class</u>: defined as All Hourly Employee Class members employed by Defendants in California during the relevant time period.

21. "Fulfillment Centers" are Facilities that are warehouse/distribution and fulfillment centers that are generally staffed with both non-exempt hourly employees employed by CEVA Logistics ("CEVA Employees") and with non-exempt persons employed by third party staffing agencies and paid hourly by the third-party staffing agencies ("Temporary Workers"). (CEVA Employees and Temporary Workers are collectively hereinafter referred to as "Workers."). Golden Decl. ¶ 5.

///

///

22. From April 17, 2011 (four years prior to the filing of the Complaint) to present CEVA Logistics has operated the following facilities in California where Workers were employed (Golden Decl. ¶¶ 4, 11):

a. 11402/11451 in Mira Loma, California;

b. 11427 in Ontario, California;

c. 11443 in Hayward, California;

d. 11313 in Poway, California;

e. 10002 in Torrance, California;

f. 10004 in French Camp, California;

g. 11316 in Stockton, California;

h. 11403 in Fontana, California;

i. 11413 in Fontana, California;

j. 11437 in Ontario, California; and

k. 11441 in Stockton, California

23. CEVA has no direct knowledge of the names or locations of facilities operated by either Staffmark or Amazon.com, if any.

24. In the period of time from April 17, 2011 to present 6,191 Workers worked at the Mira Loma Facility, including 148 CEVA Employees and 6,043 Temporary Workers. Golden Decl. ¶ 7.

25. In the period of time from January 1, 2012 to present 451 Workers worked at the Ontario Facility, including 40 CEVA Employees and 411 Temporary Workers. Golden Decl. ¶ 8.

26. In the period of time from April 17, 2011 through October 25, 2014, 140 Workers worked at the Hayward Facility, including 34 CEVA Employees and 106 Temporary Workers. Golden Decl. ¶ 9.

27. In the period of time from April 17, 2011 through present, 15 Workers worked at the Poway Facility, all of which were CEVA Employees. Golden Decl. ¶ 10.

///

28. Thus, from April 17, 2011(four years prior to the filing of the Complaint) through the date of removal, Defendant had approximately 6,797 hourly Workers in the State of California in just four of its 11 facilities. Notably, this does not account for any Staffmark workers or workers at Amazon.com facilities.

29. Accordingly, the putative class contains more than 100 members.

**C.    Defendants are not governmental entities.**

30. No defendants named in this lawsuit is a state, a state official or any other governmental entity.

**D.    The amount in controversy exceeds $5 Million based on the allegations of the Complaint.**

31. The Class Action Fairness Act authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). See 28 U.S.C. § 1332(d)(2). The proper burden of proof imposed upon a defendant to establish the amount in controversy under CAFA is the preponderance of the evidence standard. Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). Rodriguez confirmed that the "legal certainty" standard articulated in Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007) was "effectively overruled" by the Supreme Court's holding in Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345 (2013). See id. at 977, 980-981.

32. As the Ninth Circuit recognized in Rodriguez, the Supreme Court's reasoning in Standard Fire precludes a class action plaintiff from "su[ing] for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." Rodriguez, 728 F.3d at 981. Rather, under Standard Fire, the district court must determine jurisdiction by "aggregating all potential class members' individual claims" and "look beyond the four corners of the complaint when the complaint alleges damages below the jurisdictional minimum." Id. (internal quote and cite omitted).

33. Thus, Plaintiff's attempt to plead his way out of federal jurisdiction is not dispositive of the amount in controversy, and rather the amount in controversy is determined by

the individual putative class members' claims which, as detailed below, unquestionably exceed $5 million.

34. Although Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on his claims. <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." <u>Lewis v. Verizon Communs., Inc.</u>, 627 F. 3d 395, 400 (9th Cir. 2010).

35. A Defendant can establish the amount in controversy by submitting facts in the removal petition, and evidence in support thereof, including "summary-judgment type evidence relevant to the amount in controversy at the time of removal." <u>Rippee v. Boston Mkt. Corp.</u>, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) (quoting <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997). <u>See</u> <u>also</u> <u>Jimenez v. Allstate Ins. Co.</u>, 2011 WL 65764, at *2 (C.D. Cal. 2011) (finding calculations of defendant's Human Resources employee sufficient to satisfy burden).

36. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000.

**1. Plaintiff alleges systemic unpaid wages and unpaid premium pay.**

37. Plaintiff alleges that CEVA has failed to provide Plaintiff and members of the Meal Break Class - defined as all hourly employees of Defendants in California who worked a

shift in excess of five hours during the relevant time period – with uninterrupted meal periods of at least thirty minutes for each five hour work period, as required by Labor Code § 512 and that CEVA failed to pay Plaintiff and the Meal Break Class additional premium wages when meal periods were not provided. Exhibit A ¶¶ 30, 34, Exhibit B ¶¶ 30, 34.

38. Plaintiff further alleges that CEVA failed to pay premium wages to the Meal Break Class members when they worked five hours without clocking out for any meal period. Exhibit A ¶ 31, Exhibit B ¶ 31.

39. Plaintiff further alleges that "[a]t all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods. . . ." Exhibit A ¶ 52, Exhibit B ¶ 52. Plaintiff alleges that his claims are "typical of the other class members' claims." Exhibit A ¶ 18, Exhibit B ¶ 18.

40. Plaintiff admits that he "on behalf of himself and Hourly Employee Class members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit." Exhibit A ¶ 54, Exhibit B ¶ 54.

41. Plaintiff further alleges that CEVA has "committed criminal conduct through [its] policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee [sic] for all hours worked and by failing to reimburse them for all expenses." Exhibit A ¶ 85, Exhibit B ¶ 85.

42. Plaintiff further alleges that CEVA has "violated the Labor Code in multiple respects with regard to Plaintiff and UCL Class members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wages statements, and failing to pay them all wages dues upon separation of employment." Exhibit A ¶ 87, Exhibit B ¶ 87.

///

///

     **2.    Plaintiff alleges he and members of the Waiting Time Penalties Class are entitled to waiting time penalties until all wages are paid, up to 30 days' wages.**

43.    Plaintiff alleges that CEVA failed to pay Plaintiff all of his final wages in accordance with California Labor Code § 201, and failed to pay Waiting Time Penalties Class members all of their final wages in accordance with Labor Code §§ 201 and 202. Exhibit A ¶ 66, Exhibit B ¶ 67.

44.    Plaintiff alleges the Labor Code § 203 claim as a derivative of his meal period, overtime, off-the-clock and pay card claims. In other words, each CEVA hourly worker who voluntarily resigned or was terminated in the three years prior to the filing of the complaint and who has an underlying meal period, overtime, off-the-clock or pay card claim is entitled to a full 30 days' wages. Based on Plaintiff's systemic meal period violation allegations as described above, every CEVA hourly worker is alleged to be owed waiting time penalties. For example, Plaintiff was employed until April 2014 and, therefore, seeks the maximum 30 days' wages under Labor Code § 203. Exhibit A ¶ 5, Exhibit B ¶ 5.

     **3.    It is more likely than not that the amount-in-controversy exceeds the $5 million minimum *on Plaintiff's waiting time claim alone*.**

45.    Without regard to Plaintiff's alleged premium pay damages, overtime and off-the-clock restitution, or pay card expense restitution, and without regard to additional class members working for Staffmark and Amazon.com (but not CEVA) and without regard to seven of the eleven CEVA locations in California, Plaintiff's allegations substantially exceed CAFA's $5 million amount-in-controversy jurisdictional minimum.

46.    In the period of time from April 17, 2011 to present an average of at least 155 Workers worked at the Mira Loma Facility per work week. 4,936 Workers who worked at the Mira Loma Facility between April 17, 2012 and present no longer work for CEVA, including 47 CEVA Employees and 4,899 Temporary Workers. During the entire period from April 17, 2011 to present, the average wage of CEVA Employees working at the Mira Loma Facility was $14.59 per hour. During the entire period from April 17, 2011 to present, the average wage of Temporary Workers working at the Mira Loma Facility was $10.01 per hour. Golden Decl. ¶ 7.

47. In the period of time from January 1, 2012 to present an average of at least 44 Workers worked at the Ontario Facility per work week. 405 Workers who worked at the Ontario Facility between April 17, 2012 and present no longer work for CEVA, including 11 CEVA Employees and 394 Temporary Workers. During the entire period from January 1, 2012 to present, the average wage of CEVA Employees working at the Ontario Facility was $13.87 per hour. During the entire period from January 1, 2012 to present, the average wage of Temporary Workers working at the Ontario Facility was $8.50 per hour. Golden Decl. ¶ 8.

48. In the period of time from April 17, 2011 through October 25, 2014 to present an average of at least 68 Workers worked at the Hayward Facility per work week. 84 Workers who worked at the Hayward Facility between April 17, 2012 and present no longer work for CEVA, including 12 CEVA Employees and 62 Temporary Workers. During the entire period from April 17, 2011 through October 25, 2014, the average wage of CEVA Employees working at the Hayward Facility was $18.31 per hour. During the entire period from April 17, 2011 through October 25, 2014, the average wage of Temporary Workers working at the Hayward Facility was $15.65 per hour. Golden Decl. ¶ 9.

49. In the period of time from April 17, 2011 through present an average of at least 9 Workers worked at the Poway Facility per work week. Two Workers who worked at the Poway Facility between April 17, 2012 and present no longer work for CEVA, both of whom were CEVA Employees. During the entire period from April 17, 2011 through present, the average wage of CEVA Employees working at the Poway Facility was $14.95 per hour. Golden Decl. ¶ 10.

50. At all times in which the above-identified Facilities have been in operation, the Facilities have operated five days per week and Workers have worked eight hour shifts. Golden Decl. ¶ 5.

51. Therefore, according to Plaintiff's allegations, the total amount-in-controversy on his Labor Code § 203 claim alone is as follows:

///

///

| Location of Former Workers | Number of Former Workers | Hourly Rate of Pay | 30 Days' Wages at eight hours per day |
|---|---|---|---|
| Mira Loma CEVA Employees | 47 | $14.59 | $164,575.20 |
| Mira Loma Temporary Workers | 4,899 | $10.01 | $11,769,357.60 |
| Ontario CEVA Employees | 11 | $13.87 | $36,616.80 |
| Ontario Temporary Workers | 394 | $ 8.50 | $803,760.00 |
| Hayward CEVA Employees | 12 | $18.31 | $52,732.80 |
| Hayward Temporary Workers | 62 | $15.65 | $232,872.00 |
| Poway CEVA Employees | 2 | $14.95 | $7,176.00 |
|  |  | TOTAL: | $13,067,090.40 |

52. Based on the foregoing, the total potential recovery for the putative class **on the waiting time penalty claim alone** substantially exceeds CAFA's jurisdictional minimum. In addition, the amount in controversy set forth above has been calculated through May 20, 2015 only, based on payroll and personnel records available. The size of the class will continue to expand over time, as will the amount in controversy. Nor does the analysis account for interest. Therefore, the amount in controversy on Plaintiff's claims is actually far greater than the amount set out in this Notice of Removal.

53. Further, Plaintiff also seeks attorneys' fees, which the Court should consider and include in the amount in controversy because the California Labor Code allows such recovery. (Complaint ¶¶ 36, 40, 54, Prayer For Relief, par. I); see Cal. Lab. Code § 218.5 (awarding attorneys' fees to the prevailing party in any suit for the nonpayment of wages); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying

statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Attorneys' fees awards in California wage-hour class actions can total hundreds of thousands of dollars. See, e.g., McGuigan v. City of San Diego, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class case, but reversing as to multiplier); Vasquez v. California, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving violations of a living wage ordinance, the California Labor Code as well as unfair competition and contract claims); Jasso v. Money Mart Express, Inc., 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("it is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees"). The Court should therefore consider attorneys' fees of at least $653,354.52 – a conservative 5% of the amount in controversy.

54. Based on the foregoing, without examining the amounts placed in controversy by Plaintiff's First, Second, Third, Fifth and Sixth Causes of Action and without examining the amounts placed in controversy by Plaintiff's allegations applicable solely to Staffmark or Amazon.com and without examining the amounts placed in controversy as to CEVA's seven other California facilities, it is apparent that the amount in controversy is at least **$13,720,444.92**.

55. Accordingly, although CEVA Logistics denies Plaintiff's claims, based on the foregoing, Plaintiff's claims far exceed the $5 million jurisdictional minimum of this Court, as required by the Class Action Fairness Act, 28 U.S.C. § 1332(d).

///

///

///

# **CONCLUSION**

56. Wherefore, having provided notice as required by law, Defendants remove the action now pending against them in the Superior Court of the State of California, County of Alameda, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: May 22, 2015                                          JACKSON LEWIS P.C.


                                                      By:   /s/ Fraser A. McAlpine
                                                            Fraser A. McAlpine
                                                            Douglas G.A. Johnston
                                                            Attorneys for Defendant
                                                            CEVA LOGISTICS U.S., INC.

4844-8826-2948, v. 1