# EXHIBIT A

4/22/15
12:20 Pm
AP

# COPY

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STAFFMARK HOLDINGS,INC., a Delaware corporation; CEVA
LOGISTICS U.S.,INC.,a Delaware corporation;andDOES 1-50,inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EARL FRONDA, on behalf of himself, all others similarly situated, and
the general public

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 17 2015

CLERK OF THE SUPERIOR COURT
By _____ Maria Carrera

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Rene C. Davidson
1225 Fallon St, Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*
5 7 6 6 8 4 9

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA 90212 (310)888-7771

DATE: April 16, 2015                    Clerk, by _____ Maria Carrera _____, Deputy
*(Fecha)*                               *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   **Ceva Logistics U.S., Inc., a Delaware corporation**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4-22-15

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

# COPY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd. Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO: (310) 888-7771   FAX NO: (310) 888-0109<br>ATTORNEY FOR (Name): Larry Gregory | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>APR 1 7 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By **Maria Carrera** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Fonda v. Staffmark Holdings, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG15766849 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 16, 2015
Shaun Setareh
_____        ►        _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**BY FAX**

**COPY**

1
Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2
Tuvia Korobkin (SBN 268066)
    tuvia@setarehlaw.com
3
Neil Larsen (SBN 276490)
    neil@setarehlaw.com
4
SETAREH LAW GROUP
5
9454 Wilshire Boulevard, Suite 907
6
Beverly Hills, California 90212
Telephone:    (310) 888-7771
7
Facsimile:     (310) 888-0109
8

Attorneys for Plaintiff,
9
EARL FRONDA

**ENDORSED**
**FILED**
ALAMEDA COUNTY

APR 17 2015

CLERK OF THE SUPERIOR COURT
By_____Maria Carrera_____

10
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11
**FOR THE COUNTY OF ALAMEDA**
12
*(UNLIMITED JURISDICTION)*

13
EARL FRONDA, on behalf of himself, all
14
others similarly situated,

15
            *Plaintiff,*

16
    vs.

17
STAFFMARK HOLDINGS, INC., a Delaware
18
corporation; CEVA LOGISTICS U.S., INC, a
Delaware corporation; AMAZON.COM LLC, a
19
Delaware corporation; and DOES 1-50,
20
inclusive,

21
            *Defendants.*

22

23

24

25

26

Case No.   R G 1 5 7 6 6 8 4 9

**CLASS ACTION**

**COMPLAINT FOR:**

1. Failure to Provide Meal Periods (Lab.
   Code §§ 204, 223, 226.7, 512, and
   1198);
2. Failure to Pay Hourly Wages (Lab.
   Code §§ 223, 510, 1194, 1194.2, 1197,
   1197.1, and 1198);
3. Failure to Provide Accurate Written
   Wage Statements (Lab. Code § 226(a));
4. Failure to Timely Pay All Final Wages
   (Lab. Code §§ 201-203);
5. Failure to Pay Wages Without
   Discount  (Labor Code §212)
6. Unfair Competition (Bus. & Prof. Code
   §§ 17200, *et seq.*);

**JURY TRIAL DEMANDED**

27

28

*Fronda v. Staffmark Holdings, Inc., et al.*                    Class Action Complaint

**BY FAX**

Plaintiff, Earl Fronda (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against defendants STAFFMARK HOLDINGS, INC., a Delaware corporation; CEVA LOGISTICS U.S., INC, a Delaware corporation; AMAZON.COM LLC, a Delaware corporation; and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to provide him and all other similarly situated individuals with meal periods, failed to pay premium wages for unprovided meal periods, failed to pay at least minimum wages for all hours worked, failed to pay overtime wages, failed to provide them with payment of their wages that could be tendered for cash without discount, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.     Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.     Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

1

1   found, maintains offices, transacts business, and/or has an agent therein.

2   **PARTIES**

3   **A.**    **Plaintiff**

4       5.  Plaintiff worked for Defendants in an hourly position from approximately February

5   of 2009 to April of 2014.

6   **B.**    **Defendants**

7       6.      Defendant STAFFMARK HOLDINGS, INC. ("Staffmark") is a Delaware

8   corporation authorized to do business in California.

9       7.      Defendant CEVA LOGISTICS U.S., INC, ("CEVA") is a Delaware corporation

10  authorized to do business in California.

11      8.      Defendant AMAZON.COM LLC, ("AMAZON") is a Delaware corporation

12  authorized to do business in California.

13      9.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of

14  participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but

15  is informed and believes that said Defendants are legally responsible for the conduct alleged

16  herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

17  complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

18      10.     Plaintiff is informed and believes that each Defendant acted in all respects

19  pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business

20  plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally

21  attributable to each of the other Defendants.

22  **CLASS AND GENERAL ALLGATIONS**

23      11.     This action has been brought and may be maintained as a class action pursuant to

24  Code of Civil Procedure § 382 because there is a well-defined community of interest among the

25  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

26  unaware of any difficulties likely to be encountered in managing this case as a class action.

27      12.     Defendant Staffmark is a staffing company providing employees to various

28  companies throughout the state of California.

2

13.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

14.     The class and subclass members are defined as follows:

**Hourly Employee Class:** All persons employed by Defendants in hourly or non-exempt positions in California during the **Relevant Time Period.**

**Meal Break Class:** All hourly employees of Defendants in California who worked a shift in excess of five hours during the **Relevant Time Period.**

**Amazon Security Check Class:** All hourly employees who worked at a distribution or warehouse facility which has been owned, managed ,or otherwise operated by Amazon.com LLC in California during the **Relevant Time Period** and were required to pass through a security check to enter their place of employment.

**Amazon Meal Break Sub-Class:** All **Amazon Security Check** class members California during the **Relevant Time Period** who worked a shift in excess of five hours.

**Pay Card Class:** All persons employed by Defendants in California who, during the **Relevant Time Period,** were paid their wages with a pay card and were not paid all earned wages.

**Wage Statement Penalties Class:** All Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period.**

15.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

16.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact

3

number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

17.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.   Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B.   Have Defendants failed to pay additional wages to class members when they have not been provided with required meal periods?

C.   Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

D.   Have Defendants failed to pay minimum and/or overtime wages to class members because of their policy requiring employees to pass through metal detectors on their way to and from work?

E.   Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

F.   Have Defendants failed to pay class members all wages without discount?

G.   Have Defendants used pay cards to pay class members?

H.   Have class member incurred fees in cashing pay cards?

I.   Have class members been able to redeem pay cards for their full cash value?

J.   Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

K.   Are Defendants liable to class members for waiting time penalties under

4

Labor Code § 203?

L.   Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

18.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

19.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

20.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

21.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

///

///

5

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and the Meal Break Class, and Amazon Meal Break Sub-Class, against all Defendants)

22.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

23.     At all relevant times, Plaintiff and the **Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

24.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

25.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

26.     Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

27.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

28.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written

*Fronda v. Staffmark Holdings, Inc., et al.*                                    Class Action Complaint

agreement shall state that the employee may, in writing, revoke the agreement at any time." 8
Cal. Code Regs. § 11040(11).

29.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period
agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Class**
members have not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

30.     Plaintiff alleges that, at relevant times during the applicable limitations period,
Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**
**Break Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5)
hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

31.     Plaintiff alleges that at all relevant times during the applicable limitations period
and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal**
**Break Class** members when they worked five (5) hours without clocking out for any meal
period.

### *Unprovided Second Meal Periods*

32.     Plaintiff alleges that at all relevant times during the applicable limitations period
and as matters of policy and practice, Defendants employed **Meal Break Class** members for
shifts of ten (10) or more hours without providing them with second meal periods and without
paying them premium wages, as required by Labor Code § 512 and the Wage Order.

33.     Moreover, Defendants written policies do not provide that employees must take
their first meal break before the end of the fifth hour of work, that they are entitled to a second
meal break if they work a shift of ten (10) hours or more, or that the second meal period must
commence before the end of the tenth hour of work, unless waived.

34.     At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Class**
members additional premium wages, and/or were not paid premium wages at the employees'
regular rates of pay when required meal periods were not provided.

///

7

**Amazon Meal Break Sub-Class**

35. Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Amazon Meal Break Sub-Class** members. Because of security checks that would have taken roughly 20 minutes (10 minutes to leave the facility, and 10 minutes coming back into the facility); the class was effectively denied the opportunity to leave the premises during meal breaks, and/or take 30 minute uninterrupted meal breaks.

36. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

37. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

**(Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198)**

**(By Plaintiff and Amazon Security Check Class, and Amazon Meal Break Sub-Class, against Defendants Staffmark, and Amazon; and Does 1-50)**

38. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

39. At all relevant times, Plaintiff and **Amazon Security Check Class, and Amazon Meal Break Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

40. Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

41. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that

8

an employer has actual or constructive knowledge that employees are working.

42. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

43. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

44. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

45. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

46. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

47. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

48. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

49. Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

50. Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular

9

rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

51. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Amazon Security Check Class, and Amazon Meal Break Sub-Class** members with respect to working conditions and compensation arrangements.

### *Meal Periods*

52. At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods because Plaintiff and the Amazon Meal Break Sub-Class were not provided a 30 minute uninterrupted meal break because they were effectively not allowed to leave the premises during meal breaks due to security checks in place at the warehouse facilities that they worked at.

### *General Allegations Off the Clock*

53. During the relevant time period, Defendants failed to pay Plaintiff and **Amazon Security Check Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants required class members to undergoe security checks wich took on average a minimum of 20 minutes per day.

54. Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class, against all Defendants)

55. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

56. Labor Code § 226(a) states in pertinent part the following: " (a) every employer

10

shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

57. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

58. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

59. Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and

deductions to state and federal government agencies.

60. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

**(Plaintiff and Waiting Time Penalties Class, against all Defendants)**

61. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

62. At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

63. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

64. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

65. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

66. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

67. Plaintiff is informed and believes that, at all relevant times, Defendants

12

have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

68. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

69. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

70. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

71. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### PAY CARD CLAIM

### (Labor Code § 212.)

### (By Plaintiff and Pay Card Class, against all Defendants)

72. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

73. At all relevant times, Plaintiff and the Pay Card Class members have been entitled, to the proections of Labor Code Section 212; which in pertinent part states:

a) No person, or agent or officer thereof, shall issue inpayment of wages due, or to become due, or as an advance on wages to be earned:

13

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

74. Defendant violated the foregoing statute by issuing wages due in a non-negotiable manner which is not payable in cash at some place of business in the state without discount.

75. At times during his employment, Defendants paid Plaintiff his wages on a "pay card," or pre-loaded debit card. Plaintiff incurred fees when attempting to use the pay card at various business in California. Plaintiff incurred fees when attempting to cash the pay card.

76. Plaintiff was not given an itemized wage statement when paid with said pay card.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Bus. & Prof. Code §§ 17200, *et seq.*)

#### (By Plaintiff and UCL Class, against all Defendants)

77. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

78. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

79. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired

14

from similarly situated persons by means of unfair competition.

80. California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

81. Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND, and FIFTH causes of action herein.

82. Plaintiff lost money or property as a result of the aforementioned unfair competition.

83. Defendants have, or may have, acquired money by means of unfair competition.

84. Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

85. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

### *Wages and Premium Wages*

86. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

87. As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

88. Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

89. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

90. As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

91. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

92. Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

93. Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **Hourly Employee Class** and **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

94. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Hourly Employee Class** and **UCL Class** are entitled to recover reasonable attorneys' fees in

1  connection with their unfair competition claims.

2  **PRAYER FOR RELIEF**

3      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the

4  general public, prays for relief and judgment against Defendants as follows:

5          A.  An order that the action be certified as a class action;

6          B.  An order that Plaintiff be appointed class representative;

7          C.  An order that counsel for Plaintiff be appointed class counsel;

8          D.  Unpaid Wages;

9          E.  Actual Damages;

10         F.  Liquidated Damages;

11         G.  Restitution;

12         H.  Declaratory relief;

13         I.  Pre-judgment interest;

14         J.  Statutory penalties;

15         K.  Civil penalties;

16         L.  Costs of suit;

17         M.  Reasonable attorneys' fees; and

18         N.  Such other relief as the Court deems just and proper.

19  **DEMAND FOR JURY TRIAL**

20      Plaintiff, on behalf of himself, all others similarly situated, and the general public,

21  hereby demands a jury trial on all issues so triable.

22

23  DATED: April 16, 2015              SETAREH LAW GROUP

24
                                       BY
25                                        SHAUN SETAREH
26                                        Attorneys for Plaintiff,
                                          EARL FRONDA
27

28

---

17

*Fronda v. Staffmark Holdings, Inc., et al.*                Class Action Complaint