UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL FRONDA,

    Plaintiff,

    v.

STAFFMARK HOLDINGS, INC., et al.,

    Defendants.

Case No. 15-cv-02315-MEJ

**ORDER RE: MOTIONS TO DISMISS**

Re: Dkt. Nos. 7, 10

## BACKGROUND

On April 17, 2015, Plaintiff Earl Fronda ("Plaintiff") initiated this putative class action wage and hour lawsuit in the Superior Court of California, County of Alameda, captioned *Earl Fronda, on behalf of himself and all others similarly situated, v. Staffmark Holdings, Inc.; CEVA Logistics U.S., Inc., Amazon.com LLC, and Does 1-50*, Case No. RG15766849. Not. of Removal, Ex. A (Compl.), Dkt. No. 1-1. On May 19, 2015, Plaintiff filed a First Amended Complaint. *Id.*, Ex. B ("FAC"), Dkt. No. 1-2. On May 22, 2015, Defendant CEVA Logistics U.S., Inc. timely removed this matter from the Alameda Superior Court to this Court pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. Dkt. No. 1.

Staffmark and CEVA both seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Dkt. No. 7 (CEVA Motion); Dkt. No. 10 (Staffmark Motion). The Court finds these matters suitable for disposition without oral argument and VACATES the July 23, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

---

[1] On June 12, 2015, the Court dismissed Defendant Amazon.com, LLC pursuant to stipulation. Dkt. No. 28.

**LEGAL STANDARD**

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Plaintiff alleges seven causes of action on behalf of himself and a number of putative classes, including: (1) failure to provide meal periods in violation of California Labor Code sections 204, 223, 226.7, 512 and 1198; (2) failure to pay hourly and overtime wages in violation of Labor Code sections 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198; (3) failure to provide accurate written wage statements in violation of Labor Code section 226; (4) failure to timely pay final wages in violation of Labor Code sections 201, 202 and 203; (5) "pay card claim" in violation of Labor Code section 212; (6) unfair competition in violation of California Business and Professions Code section 17200; and (7) civil penalties in violation of Labor Code section 2698. FAC ¶¶ 22-101.

Although Plaintiff's FAC is twenty pages long and contains 101 paragraphs, he provides nothing more than vague, conclusory allegations unsupported by any facts. With three different corporations named as Defendants, Plaintiff does not delineate which facts apply to which Defendants in any respect, how Defendants interacted with one another, in what manner each Defendant controlled Plaintiff's work, or the work performed by the putative class members. Plaintiff fails to even allege what Defendants do or what job position Plaintiff held with each company. Rather, Plaintiff vaguely alleges that "each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business, plan or policy . . . and that the acts of each Defendant are legally attributable to each of the other Defendants."

3

1  FAC ¶ 10. Such vague and conclusory allegations are not entitled to the assumption of truth and
2  must be disregarded. *Iqbal*, 556 U.S. at 679. Further, Plaintiff's causes of action lack "facial
3  plausibility" because Plaintiff has not alleged factual content that would allow the Court to draw
4  the reasonable inference that Defendants are liable for the misconduct alleged. *Id.* at 678-79
5  (citing *Twombly*, 550 U.S. at 556). Accordingly, the Court finds dismissal appropriate.

However, because Plaintiff's pleading could be cured by the allegation of specific facts in support of his claims, the Court shall permit Plaintiff leave to amend to plead his causes of action with more detail. If Plaintiff chooses to file a second amended complaint, he must allege: (1) facts regarding the nature of his employment, such as where, when, by whom, and in what job(s) he was employed, as well as providing similar information for the putative class members; and (2) facts supporting his claims as to each named Defendant's violation(s) of the enumerated statutory provisions.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motions to Dismiss **WITH LEAVE TO AMEND**. Plaintiff shall file a second amended complaint by July 13, 2015.

**IT IS SO ORDERED.**

Dated: June 22, 2015

MARIA-ELENA JAMES
United States Magistrate Judge

4