Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
  scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff EARL FRONDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL FRONDA on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff*,<br><br>vs.<br><br>STAFFMARK HOLDINGS, INC., a Delaware Corporation; CEVA LOGISTICS, U.S., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No.: 4:16-cv-03793-HSG<br><br>**[PROPOSED] ORDER:**<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:         November 9, 2017<br>Time:         10:00 a.m.<br>Courtroom:   Courtroom B – 15th Floor<br>Judge:        Hon. Maria Elena James |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff EARL FRONDA ("Plaintiff") and Defendants CBS Personnel Services, LLC and Staffmark Holdings, Inc. (the "CBS Defendants") (collectively, the "Parties") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION AND LIMITED RELEASE ("Stipulation" or "Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice.

The Stipulation between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Stipulation is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Stipulation unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- CBS Defendants stipulate to certification of a Settlement Class, to include a defined Class Members, for purposes of Settlement only;
- This proposed settlement does *not* resolve the matter as to Defendant CEVA LOGISTICS, U.S., INC., though it does resolve claims by the Settlement Class against any joint employers of the CBS Defendants, including CEVA Freight, LLC and CEVA Logistics U.S., Inc., to the extent that any of the claims settled as to the CBS Defendants would apply to any CEVA defendant.
- The settlement Class is: any and all individuals employed by the CBS Defendants at CEVA Freight, LLC, CEVA Logistics U.S., Inc. and/or any other location of CEVA, CEVA's parents or any CEVA-related entity operating in California during the Class Period (April 17, 2011 through the date of preliminary approval of this Settlement by the Court). Excluded from the definition of "Class" or "Class Member" are any individuals directly hired by any CEVA-related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. for the period of time that the individuals were employed directly by any CEVA

related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc.  (Agreement, § 1.1(b)(4).)

- The Parties agree that $5,600,000.00 represents the maximum amount that the CBS Defendants will pay out under this Agreement, inclusive of the following: (a) Payments to Participating Class Members; (b) Class Counsel's attorneys' fees and litigation costs, (c) Any Administration Costs, (d) Any Enhancement Award to the Plaintiff, and (e) The payment to the California LWDA. (Agreement, § 1.1(b)(25), (27).)  The CBS Defendants will *separately* pay the employer share of payroll tax costs to the Settlement Administrator.

- Each Class Member who does not opt out will be paid his/her share of the Net Settlement Sum, subject to certain taxes and withholdings.  (Agreement, § 3.6(b).)

- Class Counsel will not seek an amount greater than $1,866,666.67 for Attorney's Fees and Costs.  (Agreement, § 3.6(e).)

- Settlement Administration costs are estimated at $25,000 and will be paid out of the Settlement.  (Agreement, § 3.6(d).)

- The Class Representative enhancement award will be no more than $10,000.  (Agreement, § 3.6(f).)

- The sum of $75,000 shall be paid to the Labor and Workforce Development Agency as its share of $100,000 allocated to resolve claims arising under PAGA.  (Agreement, § 3.6(g).)

- If checks remain uncashed after ninety (90) days, a reminder postcard will be sent to those Class Members with uncashed checks, advising them to cash the check or request a replacement check.  If checks remain uncashed after 150 days, a similar postcard will be sent to those Class Members with uncashed checks.  At 180 days, all uncashed checks will be voided, and the funds representing the amount of voided checks will be paid as follows: 25% of the funds will be paid to the California State Equal Access Fund, 25% of the funds will be paid to the California State Treasury for deposit in the Trial Court Improvement and Modernization Fund, and 50% to Legal Aid at Work (https://legalaidatwork.org/), a non-profit organization supporting low wage earners with employment issues, which is a cy pres distribution which has been agreed to by the Parties as a directly related to the goals

reflected by the statutes and regulations underlying the Class Member Claims in this litigation and consistent with recent changes to California law governing cy pres distributions. (Agreement, § 3.6(c)(4).)

After reviewing the Stipulation, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Parties' settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. The Court finds that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed settlement.

3. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Class Notice (Leviant Decl., at Exh. A to Exh. 1) is sufficient to inform Class Members of the terms of the Settlement, their rights under the settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved. The Summary Sheet that will accompany the Class Notice provides additional information to each Class Member that further improves the sufficiency of the notice to Class Members.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> Any and all individuals employed by the CBS Defendants at CEVA Freight, LLC, CEVA Logistics U.S., Inc. and/or any other location of CEVA, CEVA's parents or any CEVA-related entity operating in California during the Class Period (April 17, 2011 through the date of preliminary approval of this Settlement by the Court). Excluded from the definition of "Class" or "Class Member" are any individuals directly hired by any CEVA-related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. for the period of time that the individuals were employed directly by any CEVA related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. (Agreement, § 1.1(b)(4).).

5. Class Members will be bound by the Stipulation unless they submit a timely and valid written request to be excluded from the Settlement within 30 days after the initial mailing of the Class Notice by the Settlement Administrator or in accordance with the terms of the Stipulation.

6. Any Class Member who wishes to comment on or object to the Stipulation with respect to any terms therein other that the amount of attorney's fees requested by Class Counsel shall, in accordance with the Stipulation, have 30 days after the initial mailing of the Class Notice by the Settlement Administrator to submit his or her comment or objection.

7. Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the enhancement award.

8. Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested.  To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval.  Any comment submitted after the expiration of time to comment on or object to the settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

9. KCC, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Stipulation.

10. Plaintiff EARL FRONDA is appointed the Class Representative. Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

11. Not later than 30 days after the date of this order, CBS Defendants shall provide the Settlement Administrator with a list of all Class Members ("Class List"). The Class List shall state the last known home address and social security number for each Class Member. The Class List shall also denote the number of weeks worked by each Class Member during the Class Period at the Carson Location and Torrance Location. The Class List shall also denote the number of weeks worked by each Class Member at any CEVA location in California during the Class Period other than the Carson Location and/or the Torrance Location. The Class List shall be provided in a readable data format, such as a Microsoft Excel spreadsheet, in accordance with the Stipulation.

12. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Stipulation.

13. A final approval hearing will be held on April 26, 2018 [_____, 2018], at 10:00 a.m., to determine whether the settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Enhancement Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs. Class Members and their counsel may support or oppose the Settlement and the motion for an award of Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice and this Order.

14. As set forth in the Stipulation, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the settlement, or object to the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs. For any written comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

15.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**IT IS SO ORDERED.**


Dated: _____          _____
                                                                            Hon. Maria-Elena James
                                                                            UNITED STATES MAGISTRATE JUDGE