Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
  scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff EARL FRONDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL FRONDA on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff*,<br><br>vs.<br><br>STAFFMARK HOLDINGS, INC., a Delaware Corporation; CEVA LOGISTICS, U.S., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants*. | Case No.: 3:15-cv-02315-MEJ<br><br>**[PROPOSED] ORDER:**<br><br>1. **CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br>2. **PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br>3. **APPROVING NOTICE TO CLASS; AND**<br>4. **SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:        November 16, 2017<br>Time:        10:00 a.m.<br>Courtroom:   Courtroom B – 15th Floor<br>Judge:       Hon. Maria Elena James |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff EARL FRONDA ("Plaintiff") and Defendants CBS Personnel Services, LLC and Staffmark Holdings, Inc. (the "CBS Defendants") (collectively, the "Parties") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION AND LIMITED RELEASE ("Stipulation" or "Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including a proposed form of Notice that the Parties agreed to revise at the hearing of this matter.

The Stipulation between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Stipulation is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Stipulation unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- CBS Defendants stipulate to certification of a Settlement Class, to include a defined Class Members, for purposes of Settlement only;

- This proposed settlement does *not* resolve the matter as to Defendant CEVA LOGISTICS, U.S., INC., though it does resolve claims by the Settlement Class against any joint employers of the CBS Defendants, including CEVA Freight, LLC and CEVA Logistics U.S., Inc., to the extent that any of the claims settled as to the CBS Defendants would apply to any CEVA defendant.

- The settlement Class is: any and all individuals employed by the CBS Defendants at CEVA Freight, LLC, CEVA Logistics U.S., Inc. and/or any other location of CEVA, CEVA's parents or any CEVA-related entity operating in California during the Class Period (April 17, 2011 through the date of preliminary approval of this Settlement by the Court). Excluded from the definition of "Class" or "Class Member" are any individuals directly hired by any CEVA-related entity, including CEVA Freight, LLC and CEVA Logistics

U.S., Inc. for the period of time that the individuals were employed directly by any CEVA related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. (Agreement, § 1.1(b)(4).)

- The Parties agree that $5,600,000.00 represents the maximum amount that the CBS Defendants will pay out under this Agreement, inclusive of the following: (a) Payments to Participating Class Members; (b) Class Counsel's attorneys' fees and litigation costs, (c) Any Administration Costs, (d) Any Enhancement Award to the Plaintiff, and (e) The payment to the California LWDA. (Agreement, § 1.1(b)(25), (27).)  The CBS Defendants will *separately* pay the employer share of payroll tax costs to the Settlement Administrator.

- Each Class Member who does not opt out will be paid his/her share of the Net Settlement Sum, subject to certain taxes and withholdings. (Agreement, § 3.6(b).)

- Class Counsel will not seek an amount greater than $1,866,666.67 for Attorney's Fees and Costs. (Agreement, § 3.6(e).)

- Settlement Administration costs are estimated at $25,000 and will be paid out of the Settlement. (Agreement, § 3.6(d).)

- The Class Representative enhancement award will be no more than $10,000. (Agreement, § 3.6(f).)

- The sum of $75,000 shall be paid to the Labor and Workforce Development Agency as its share of $100,000 allocated to resolve claims arising under PAGA. (Agreement, § 3.6(g).)

- If checks remain uncashed after ninety (90) days, a reminder postcard will be sent to those Class Members with uncashed checks, advising them to cash the check or request a replacement check.  If checks remain uncashed after 150 days, a similar postcard will be sent to those Class Members with uncashed checks.  At 180 days, all uncashed checks will be voided, and the funds representing the amount of voided checks will be paid as follows: 25% of the funds will be paid to the California State Equal Access Fund, 25% of the funds will be paid to the California State Treasury for deposit in the Trial Court Improvement and Modernization Fund, and 50% to Legal Aid at Work (https://legalaidatwork.org/), a non-profit organization supporting low wage earners with employment issues, which is a cy pres

distribution which has been agreed to by the Parties as a directly related to the goals reflected by the statutes and regulations underlying the Class Member Claims in this litigation and consistent with recent changes to California law governing cy pres distributions. (Agreement, § 3.6(c)(4).)

After reviewing the Stipulation, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The Parties' settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. The Court finds that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed settlement.

3. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. Attached hereto as Exhibit 1 is a revised proposed Class Notice. The parties' revised proposed Class Notice is sufficient to inform Class Members of the terms of the Settlement, their rights under the settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved. In addition, the revised proposed Class Notice clarifies that (1) Class Counsel will not seek an amount greater than one-third of

the Settlement Sum for Attorney's Fees and Costs, and (2) any unawarded sums for Attorney's Fees and Costs, Administration Costs, Enhancement Award, or payment to the California LWDA will be available as part of the Net Settlement Sum for distribution to the Class and will not revert to the CBS Defendants. The Summary Sheet that will accompany the Class Notice provides additional information to each Class Member that further improves the sufficiency of the notice to Class Members.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> Any and all individuals employed by the CBS Defendants at CEVA Freight, LLC, CEVA Logistics U.S., Inc. and/or any other location of CEVA, CEVA's parents or any CEVA-related entity operating in California during the Class Period (April 17, 2011 through the date of preliminary approval of this Settlement by the Court). Excluded from the definition of "Class" or "Class Member" are any individuals directly hired by any CEVA-related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. for the period of time that the individuals were employed directly by any CEVA related entity, including CEVA Freight, LLC and CEVA Logistics U.S., Inc. (Agreement, § 1.1(b)(4).).

5. Class Members will be bound by the Stipulation unless they submit a timely and valid written request to be excluded from the Settlement within 30 days after the initial mailing of the Class Notice by the Settlement Administrator or in accordance with the terms of the Stipulation.

6. Any Class Member who wishes to comment on or object to the Stipulation with respect to any terms therein other that the amount of attorney's fees requested by Class Counsel shall, in accordance with the Stipulation, have 30 days after the initial mailing of the Class Notice by the Settlement Administrator to submit his or her comment or objection.

7. Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the enhancement award.

8. Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested. To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval. Any comment

submitted after the expiration of time to comment on or object to the settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

9. KCC, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Stipulation.

10. Plaintiff EARL FRONDA is appointed the Class Representative. Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

11. Not later than 30 days after the date of this order, CBS Defendants shall provide the Settlement Administrator with a list of all Class Members ("Class List"). The Class List shall state the last known home address and social security number for each Class Member. The Class List shall also denote the number of weeks worked by each Class Member during the Class Period at the Carson Location and Torrance Location. The Class List shall also denote the number of weeks worked by each Class Member at any CEVA location in California during the Class Period other than the Carson Location and/or the Torrance Location. The Class List shall be provided in a readable data format, such as a Microsoft Excel spreadsheet, in accordance with the Stipulation.

12. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Stipulation.

13. A final approval hearing will be held on April 26, 2018 [_____, 2018], at 10:00 a.m., to determine whether the settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Enhancement Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs. Class Members and their counsel may support or oppose the Settlement and the motion for an award of Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice and this Order.

14. As set forth in the Stipulation, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the settlement, or object to the motion for awards of the Class Representative Enhancement Award and

Attorney's Fees and Costs.  For any written comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

15. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**IT IS SO ORDERED.**

Dated: _____       _____
                                         Hon. Maria-Elena James
                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1 to ORDER GRANTING PRELIMINARY APPROVAL of CLASS ACTION SETTLEMENT: NOTICE of CLASS ACTION SETTLEMENT

# As a current or former employee of Staffmark Holdings, Inc. or CBS Personnel Services, LLC in California who worked at a CEVA location from April 17, 2011 to present, you are entitled to receive a payment from a class action settlement

*A United States District Court has authorized this notice.  This is not a solicitation from a lawyer.*

- A former employee of CBS Personnel Services, LLC sued Staffmark Holdings, Inc. and CBS Personnel Services, LLC ("CBS Defendants"), alleging that the CBS Defendants failed to properly compensate him and other employees while working at a CEVA Freight, LLC or CEVA Logistics U.S., Inc. location (jointly, "CEVA").

- The CBS Defendants and Plaintiff in the action entitled *Earl Fronda v. Staffmark Holdings, Inc., CEVA Logistics, U.S.A. Inc. and Does 1-50,* United States District Court, Northern District, Case No. 3:15-CV-02315-MEJ, have reached a proposed class action Settlement and it has been granted Preliminary Approval by the Court.

- A settlement will provide $5,600,000.00 (the "Settlement Sum") to resolve claims of the roughly 4,500 current and former employees of the CBS Defendants, for work performed for the CBS Defendants at any CEVA location from April 17, 2011 to ___ [Date of Preliminary Approval] (the agreement to resolve the case is referred to as the "Settlement").  If you received this Notice you have been determined to be a Class Member who can participate in the Settlement.

- The amount of each Class Member's payment will be based on weeks worked at a CEVA location.  Your specific, gross payment amount will be at least <merge payment amount>, less relevant withholdings.

- The proposed Settlement resolves claims that the CBS Defendants did not properly pay employees, failed to provide meal and rest periods, failed to provide accurate wage statements, and engaged in unfair business practices; it avoids risks from continuing the lawsuit; it pays money to employees like you; and, it releases the CBS Defendants from liability.

- This Settlement does not settle the claims against CEVA, except to the extent that any of the claims settled as to the CBS Defendants would apply to CEVA.

- The CBS Defendants deny any wrongdoing and admit to having done nothing wrong by settling this matter.

- Attorneys approved by the Court to serve as Class Counsel will ask the Court for up to but no more than $1,866,666.67 (33 and 1/3%) of the Settlement Sum as their attorney fees and reimbursable expenses.

- Your legal rights are affected whether you act or not.  Read this notice carefully.

| Your Legal Rights and Options in this Lawsuit | |
|---|---|
| **DO NOTHING AND AUTOMATICALLY RECEIVE A PAYMENT** | **Stay in this lawsuit.  Receive a payment.**<br>You do not have to do anything.  You **do not** have to submit a claim form.  You will receive your share of the settlement if it is approved. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no payment.  Keep rights.**<br>If you do not want to be a part of the settlement and do not want to receive a settlement payment, you must exclude yourself by [NOTICE RESPONSE DEADLINE].  Instructions on how to do this are below. |
| **OBJECT** | If you want to object to the settlement, you must do so by [NOTICE RESPONSE DEADLINE].  Instructions on how to do this appear below. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are all explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

- **Any questions? Read on.**

# TABLE OF CONTENTS: WHAT THIS NOTICE CONTAINS

Table of Contents:  What this Notice Contains ........................................................................... 2
I.    Basic Information ................................................................................................................ 3
      1.    Why did I get this notice? ........................................................................................ 3
      2.    What is this lawsuit about? ...................................................................................... 3
      3.    What is a class action and who is involved? ........................................................... 3
      4.    How does the settlement process work? .................................................................. 3
II.   The Claims in the Lawsuit .................................................................................................. 4
      5.    What does the lawsuit complain about? .................................................................. 4
      6.    How do the CBS Defendants answer? ..................................................................... 4
      7.    Is there any money available now? .......................................................................... 4
      8.    Are there other cases alleging similar claims against the CBS Defendants? ......... 4
III.  Who is the Class? ................................................................................................................ 4
      9.    How do I know if I am a class member? ................................................................. 4
      10.   I'm still not sure if I am a class member. ................................................................. 5
IV.   The Settlement Benefits – What you receive ..................................................................... 5
      11.   What does the Settlement provide? ......................................................................... 5
      12.   What can I get from the Settlement? ....................................................................... 5
      13.   Is My Settlement Payment Taxed? ........................................................................... 6
      14.   Can I receive a copy of the Settlement Agreement? ................................................ 6
      15.   If the Settlement receives final approval, when will I receive my share of the Settlement? .............. 6
      16.   What happens if I do nothing at all? ........................................................................ 6
      17.   How can I receive my portion of the settlement money? ........................................ 6
      18.   What if my address has changed? ............................................................................ 7
      19.   What if I disagree with the total work weeks worked? ............................................ 7
      20.   What am I giving up to get a payment and stay in the class? .................................. 7
V.    Excluding yourself from the Settlement ............................................................................ 8
      21.   Why would I ask to be excluded? ............................................................................. 8
      22.   How do I ask to be excluded from the Class? ......................................................... 9
VI.   The Lawyers Representing You ......................................................................................... 9
      23.   Do I have a lawyer in this case? .............................................................................. 9
      24.   How will the Lawyers and Settlement Administrator be paid? ............................... 9
VII.  Objecting to the Settlement .............................................................................................. 10
      25.   Why might I object to the Settlement? .................................................................. 10
      26.   How do I object to the Settlement? ....................................................................... 10
      27.   What is the difference between objecting and excluding? .................................... 10
VIII. The Court's Fairness Hearing ......................................................................................... 11
      28.   May I attend the hearing? ...................................................................................... 11
IX.   Additional Information .................................................................................................... 11
      29.   Are there more details about the Settlement? ....................................................... 11
      30.   Am I protected against retaliation or discrimination if I exercise my rights? ...... 11
      31.   What if the Settlement is not approved? ............................................................... 12
      32.   Approval of the Settlement is not an opinion on the merits of the case. .............. 12

I. **BASIC INFORMATION**

| 1. | **Why did I get this notice?** |

This notice relates to a lawsuit entitled *Earl Fronda v. Staffmark Holdings, Inc., CEVA Logistics, U.S.A. Inc. and Does 1-50,* United States District Court, Northern District, Case No. 3:15-CV-02315-MEJ.  The lawsuit is pending in the United States District Court for the Northern District of California.  The lawsuit was filed by a former employee of the CBS Defendants named Earl Fronda.  Mr. Fronda argued that the CBS Defendants failed to properly compensate him and other employees in California during a specified period for work performed at CEVA locations, failed to provide meal and rest periods, failed to provide accurate wage statements, and engaged in unfair business practices.  This notice will refer to Mr. Fronda as Plaintiff.  You have received this notice because you are or were employed by the CBS Defendants in California and worked at a CEVA location.

| 2. | **What is this lawsuit about?** |

Mr. Fronda asserts several claims against the CBS Defendants under various laws, including the California Labor Code, the California Business and Professions Code, and the Private Attorney General Act ("PAGA") in connection with the compensation of Class Members.  He claims that the CBS Defendants failed to provide meal periods, failed to provide rest periods, failed to pay all hourly wages, failed to provide accurate itemized wage statements, failed to pay waiting time penalties and wages, failed to pay wages without discount, and engaged in unfair business practices that relate to these claims. Mr. Fronda also seeks related civil penalties under PAGA.  Mr. Fronda sought to bring the action on behalf of all current and former employees of the CBS Defendants in California who worked at any CEVA location on or after April 17, 2011.  The CBS Defendants have reviewed the claims in this lawsuit in detail, and they deny them.  Although the CBS Defendants believe that they have always compensated employees properly and have very strong arguments to prevail in this litigation, they have chosen to work with Mr. Fronda and his lawyers to resolve this matter to avoid the expense and disruption of litigation and instead provide for essentially automatic payments to Class Members, as described in this notice.

| 3. | **What is a class action and who is involved?** |

In a "class action," one or more persons called a "Named Plaintiff" (in this case, the Plaintiff listed above, Mr. Fronda) files a lawsuit on behalf of a group of people with similar claims against the same company (this group of people is referred to as the "Class" or "Class Members").  The company sued (in this case the CBS Defendants) is called the Defendant.  One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

| 4. | **How does the settlement process work?** |

In this case, the Named Plaintiff and the Defendant decided to resolve their differences by settling this case rather than going to trial.  Because this is a "class action," however, the law says their proposed Settlement must be approved by the Court before it becomes final.

So far, the Court has granted *preliminary* approval of the Settlement which means that the proposed Settlement appears to the Court to be fair, adequate, and reasonable.  In making this assessment, the Court looked at things such as the amount of money Defendant might have had to pay Class Members if the Class had won the lawsuit versus the chances that Defendant might have won, as well as other factors including the benefit of a current settlement that ensures the distribution of some funds to Class Members without the risks, expense, delay and efforts associated with further litigation and potential appeals.

In granting preliminary approval of the Settlement, the Court ordered that this Notice be sent to everyone in the affected "Class."   This is because you – as a member of that Class – have some decisions to make before the Court decides whether to grant final approval of the Settlement.

You need to decide if you want to participate in the Settlement and receive payments (as explained in Section IV of this Notice) or be excluded from the Settlement (as explained in Section V).   You need to decide if you want to object to the terms of the Settlement (as explained in Section VII) and/or go to the Final Approval (or "Fairness") Hearing (as explained in Section VIII).  The deadlines for doing each of these things are explained in each Section.  You also need to understand what happens if you do nothing (explained in Section IV).

After all Class Members have had an opportunity to exercise their options, the Court will hold a hearing (*see* Section IV and VIII below) on whether to grant final approval of the Settlement.

## II.   THE CLAIMS IN THE LAWSUIT

| 5. | What does the lawsuit complain about? |
|---|---|

Mr. Fronda's lawsuit asserts several claims against the CBS Defendants and CEVA Logistics, U.S., Inc. under various laws, including the California Labor Code, the California Business and Professions Code, and PAGA.  He claims that the CBS Defendants failed to provide meal periods, failed to provide rest periods, failed to pay all hourly wages, failed to provide accurate itemized wage statements, failed to pay waiting time penalties and wages, failed to pay wages without discount, and engaged in unfair business practices that relate to these claims. Mr. Fronda also seeks related civil penalties under PAGA.

| 6. | How do the CBS Defendants answer? |
|---|---|

The CBS Defendants strenuously contend that they have compensated employees properly, provided meal and rest periods, provided accurate wage statements and did not engage in unfair business practices.  Nevertheless, the CBS Defendants highly value their employees, and instead of spending additional resources on litigation, they have agreed to make payments to employees in California without requiring them to submit a claim or prove that they were improperly compensated.

| 7. | Is there any money available now? |
|---|---|

No.  No monies are available right now.   The settlement process is not yet complete, and no monies will be paid until that process has been completed.

Specifically, if the Court grants final approval of the Settlement, any Class Member who "objected" to the Settlement will have an opportunity to appeal the Court's decision.  Such appeal could delay payment of Settlement monies or could even result in the entire Settlement being set aside.  However, once the time for filing such appeals has expired, and assuming any appeals that are filed are ultimately resolved in favor of the Settlement, then all those Class Members who did not exclude themselves (explained in Sections IV and V) will be sent payments from the Settlement monies in exchange for giving up their rights to pursue legal claims against the CBS Defendants related to how Class Members were compensated.

| 8. | Are there other cases alleging similar claims against the CBS Defendants? |
|---|---|

At this time, the Plaintiff is unaware of any similar lawsuits against the CBS Defendants.

## III.   WHO IS THE CLASS?

You need to decide whether you are affected by this lawsuit.

| 9. | How do I know if I am a class member? |
|---|---|

The class is defined as follows:

All individuals employed by Staffmark Holdings, Inc. and CBS Personnel Services, LLC at CEVA Freight, LLC, CEVA Logistics U.S., Inc. and/or any other location of CEVA, CEVA's parents, or any CEVA-related entity operating in California from April 17, 2011 through [date of preliminary approval]

| | |
|---|---|
| **10.** | **I'm still not sure if I am a class member.** |

If you are still not sure whether you are a Class Member, you can ask for free help. You can call Class Counsel, which is the law firm of Setareh Law Group, LLC, at (310) 888-7771.

### IV. THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

| | |
|---|---|
| **11.** | **What does the Settlement provide?** |

On behalf of the Class, Mr. Fronda has reached a voluntary settlement agreement with the CBS Defendants. The total maximum amount of the settlement is $5,600,000. This amount is referred to as the "Settlement Sum." This amount will cover payments to participating class members as well as (i) Mr. Fronda's attorney fees and costs, (ii) court costs, (iii) an enhancement payment to Mr. Fronda of up to $10,000, (iv) the costs of administering the settlement, and (v) a required payment to the California Labor and Workforce Development Agency ("LWDA") of $75,000. Any money not awarded by the Court to cover attorney fees and costs, the enhancement payment, settlement administration costs and the required payment to the LWDA will be distributed to the Class. No portion of the Settlement Sum will go back to the CBS Defendants.

Neither the CBS Defendants nor its employees have admitted any liability or wrongdoing. The Court has granted preliminary approval of the settlement, and the Court has directed the parties to send this Notice.

**As set forth in greater detail in the Release of Claims section below, class members who do not opt out of the settlement will give up any claims against the CBS Defendants relating to their compensation while working at CEVA locations, up through the entry of judgment. Class members who opt out of the settlement will not give up their claims, but they will not receive any payment under this settlement.**

| | |
|---|---|
| **12.** | **What can I get from the Settlement?** |

Class Members are not required to submit a claim. Instead, Class Members who do not opt out of the settlement will automatically receive payment from the CBS Defendants. The payments to class members will be calculated according to the number of weeks you actively worked at CEVA locations between April 17, 2011 and <insert date of preliminary approval order> (this period of time is referred to as the "Class Period"). Individuals who worked at the CEVA locations in Carson and Torrance will receive a larger portion of the settlement. Your estimated settlement payment is approximately $[MERGE], although that amount may fluctuate up or down during the settlement process. The amount of your payment may increase if some class members opt out of the settlement.

The payment any Class Member receives will be treated as follows: thirty-three percent (33%) of the payment you receive will be characterized as "penalties," which is not subject to withholding taxes, thirty-three percent (33%) of the payment you receive will be characterized as "interest," which is not subject to withholding taxes, and thirty-three (33%) of the payment you receive will be characterized as wages. The payment allocated to wages will be subject to withholding taxes. You will receive an itemized listing of the state and federal income taxes withheld from your settlement check in addition to an IRS Form W-2 from the Settlement Administrator in relation to the wage payment. You will receive an IRS Form 1099 from the Settlement Administrator in relation to the penalty and interest payment. Consult a tax professional if you have any questions about your tax situation.

Settlement checks that are not cashed within 180 days of issuance will be void. Whether or not you cash the settlement check, the settlement will be binding. Even if you do not cash your settlement check, you will be deemed to have waived irrevocably any right or claim to your settlement share and/or to appeal the approval of the settlement.

| 13. | Is My Settlement Payment Taxed? |
|---|---|

Yes. A portion of the payment you receive under the settlement will be subject to required wage withholdings and deductions. These amounts will be deducted from the payment you receive. The CBS Defendants will report thirty-three percent (33%) of any payment you receive to relevant government entities as a wage payment, and will report the remaining sixty-seven percent (67%) as a non-wage payment.

Each class member will be solely responsible for tax reporting of any payment received under this settlement and for paying any taxes associated with the payment. Neither the CBS Defendants, Mr. Fronda, nor his attorneys (referred to below as "Class Counsel") make any representations concerning the tax consequences of this settlement or your participation in it. If you have any questions about the tax consequences of the payments you may receive under the settlement, you should consult your tax advisor.

| 14. | Can I receive a copy of the Settlement Agreement? |
|---|---|

Yes. This Notice is only a summary of the basic terms of the Settlement. A full copy of the settlement agreement, which contains all of the terms of the proposed settlement and which is entitled the STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION AND LIMITED RELEASE, as well as other public documents filed with regard to this matter, can be inspected in the Office of the Court Clerk (see below).

| 15. | If the Settlement receives final approval, when will I receive my share of the Settlement? |
|---|---|

The Court has scheduled a Final Approval Hearing on _____, 2018, at 10:00 a.m., in Courtroom B of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, at which time the Court will determine: (1) whether the proposed Settlement should be approved as fair, reasonable and adequate to Class Members; and (2) whether the requests for the "Named Plaintiff'" Incentive Award, attorneys' fees and costs, and other reimbursements should be approved. If the Court approves the Settlement, an Order Granting Final Approval will be entered.

Once the Order Granting Final Approval is signed by the Court, and if there is no appeal of the Court's order, then checks will be mailed out to the Class Members within approximately 45 days. If an appeal is filed, then checks will not be mailed until all appeals are resolved in favor of the Settlement. Please be patient.

| 16. | What happens if I do nothing at all? |
|---|---|

By doing nothing, you still receive whatever payment you qualify for from the Settlement, though you lose your right to object to the terms of the Settlement. You also are bound by terms of the Settlement and lose your right to sue the CBS Defendants separately for the claims regarding underpayment of wages, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay waiting time penalties, failure to pay wages without discount, unfair business practices and claims for other penalties alleged in this case.

| 17. | How can I receive my portion of the settlement money? |
|---|---|

You automatically qualify to receive your payment if you do not request to be excluded (as explained in Section V). There is nothing extra you need to do. Unless you opt out of the settlement, the CBS Defendants will send the payment. Class members who take no action and remain in the class will give up any claims relating to their compensation, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay waiting time penalties, failure to pay wages without discount, unfair business practices and claims for other penalties against the CBS Defendants at any time up through the entry of judgment.

Class members who remain in the class will be represented by Mr. Fronda and Class Counsel. The lawyers acting as Class Counsel in this matter are the following:

Shaun Setareh, SBN 204514
H. Scott Leviant, SBN 200834
Setareh Law Group
9454 Wilshire Blvd., Suite 907
Beverly Hills, Ca 90212
Telephone: (310) 888-7771
Fax: (310) 888-0109

Class members who remain in the class may choose to retain their own attorneys. Class members who choose this option will be responsible for their own attorneys' fees and costs. Class members who do not opt out of the settlement may also object to the terms or nature of the settlement at or prior to the hearing on the settlement using the procedure set forth below.

| 18. | What if my address has changed? |
|---|---|

If this Notice was sent to you at your current address, you do not need to do anything further to receive any further notices concerning this case. If you wish to change the name or address listed on the envelope in which this Notice was sent, please inform the Settlement Administrator of your new address. It is up to you to maintain a current address with the Settlement Administrator so that if the Settlement is finally approved, your payment will go to the correct address.

| 19. | What if I disagree with the total work weeks worked? |
|---|---|

The attached Data Summary Sheet sets forth the total amount of weeks you worked for the CBS Defendants at a CEVA location for the period of April 17, 2011 through _____ [the date of preliminary approval.]

If you do not dispute the information contained on the attached Data Summary Sheet, you do not have to do anything. If you need to correct the contact information listed on the Data Summary Sheet, make the necessary changes, and return the Data Summary Sheet to the Settlement Administrator. If you believe in good faith that the total amount of weeks worked, as shown on the Data Summary Sheet, is incorrect and you wish to challenge it, you must send a letter to the Settlement Administrator stating the reasons why you dispute the total amount of weeks worked and providing any supporting documents you may have. The information you provide should include the amount of weeks you claim you worked for the CBS Defendants *at a CEVA location* in California from April 17, 2011 through _____ [the date of preliminary approval]  The letter disputing the amount of weeks worked and supporting documentation must be postmarked no later than [DATE thirty (30) days from the date of this notice].

If you sign and timely return a corrected Data Summary Sheet with a different amount of weeks worked, the Settlement Administrator shall consult with Class Counsel and counsel for the CBS Defendants, review any pertinent documents provided by you and the CBS Defendants regarding the amount of weeks worked, and make a recommendation to the Court as to any disputed claim. The Settlement Administrator shall send notice of its decision on the disputed claim to you, Class Counsel, and counsel for the CBS Defendants no later than [DATE] which shall be at least ten (10) days prior to the Final Fairness and Approval Hearing which has been set for [DATE].  The Court shall decide any disputed claim at the Final Fairness and Approval Hearing, and this decision shall be a final decision.

| 20. | What am I giving up to get a payment and stay in the class? |
|---|---|

If approved by the Court, the proposed settlement agreement will be binding on all members of the Class who do not request to be excluded from the settlement and will bar them from bringing any claims concerning the following: any and all claims, rights, demands, liabilities, and causes of action of every nature and description, known and unknown, in law or in equity, as alleged in the Complaint and any Amended Complaint in this

Litigation or at the mediations conducted in this matter on January 4, 2017 and April 26, 2017, arising from or related to the following claims against any and all of the CBS Defendants: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly Wages; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Pay Waiting Time Penalties and Wages; (6) Failure to Pay Wages Without Discount; (7) Unfair Business Practices that relate to any of these claims; and (8) Civil Penalties under the Private Attorney Generals Act ("PAGA"). Class Member Released Claims shall also mean any other claims, whether known or unknown, suspected or unsuspected, that were or could have been alleged or asserted based upon the legal and factual allegations in this matter and related to a Class Member's employment as a temporary employee of the CBS Defendants at a CEVA location during the Class Period, including all claims that were or could have been brought under the California Labor Code, the applicable Industrial Wage Commission Wage Orders, the Fair Labor Standards Act, Business and Professions Code section 17200 as it relates to the underlying Labor Code claims referenced above, and the Private Attorneys General Act as it relates to the underlying Labor Code claims referenced above, including any damages, restitution, interest, waiting time penalties, penalties, punitive damages, attorneys' fees, costs, or any other form of relief whatsoever, during the Class Period. Class Member Released Claims will also include any claims against CEVA Logistics U.S. Inc., CEVA Freight LLC and/or any other CEVA entity to the extent that any of the released claims as to CBS Defendants would apply to CEVA Logistics U.S. Inc., CEVA Freight LLC and/or any other CEVA entity. The released claims are referred to as the "Class Members' Released Claims."

The Class Members' Released Claims include all such claims as described above, whether known or unknown. Thus, even if a Class Member discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of the Class Members' Released Claims, those claims will remain released and forever barred.

The Class Members also waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code with respect to the Class Member Released Claims. California Civil Code section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**If you do not submit a timely Request for Exclusion, you will release all claims you may have had against the CBS Defendants and the other releasees which pertain or relate to the types of claims that were brought in the Litigation, you will lose the right to bring those claims yourself, and you will have no right to appeal.**

### V.  EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue on your own (or continue to sue on your own if you already have a lawsuit on file) about the claims, then you must take certain affirmative steps to do so. This is called "excluding yourself," also sometimes referred to as "opting out" of the Settlement Class.

| 21. | Why would I ask to be excluded? |
|---|---|

If you already have your own lawsuit against the CBS Defendants and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class—you won't get any money or benefits from the proposed settlement of this lawsuit.

However, you may then be able to sue or continue to sue the CBS Defendants for purported misconduct by the CBS Defendants that occurred or occurs at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against the CBS Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.

| **22.** | **How do I ask to be excluded from the Class?** |
|---|---|

Class members may elect to "opt out" of the settlement and thus exclude themselves from this lawsuit and the associated settlement and judgment. Class members who opt out will NOT receive a payment and will remain free, subject to the statute of limitations and other similar restrictions, to bring claims against the CBS Defendants relating to the alleged violations described above.

If you do not wish to participate in the settlement you must request exclusion by sending to the Settlement Administrator a "Request to be Excluded" post-marked no later than [DATE] [thirty (30) days after the date of the mailing of this notice]. This deadline is final, and opt out requests that are not postmarked on or before that date will not be honored. If you request exclusion, you will receive no money from the settlement. If you wish to be excluded from the settlement of the Litigation, the exclusion request must state, "I wish to be excluded from the Class in the Litigation and I understand I will not receive any money from the settlement." Send the exclusion notice via first class mail to: [Settlement Administrator].

You must also send copies of your Request to be Excluded to Class Counsel and counsel for the CBS Defendants at the following addresses:

| Class Counsel: | Counsel for the CBS Defendants: |
|---|---|
| Shaun Setareh, SBN 204514 | Barbara S. Van Ligten |
| H. Scott Leviant, SBN 200834 | Susan M. Steward |
| Setareh Law Group | Atkinson, Andelson, Loya, Ruud and Romo |
| 9454 Wilshire Blvd., Suite 907 | 12800 Center Court Drive, Suite 300 |
| Beverly Hills, Ca 90212 | Cerritos, Ca 90703-9364 |

### VI.   THE LAWYERS REPRESENTING YOU

| **23.** | **Do I have a lawyer in this case?** |
|---|---|

The Court approved the law firms of Setareh Law Group as Class Counsel, meaning they are the lawyers representing you and all Class Members in this case. Setareh Law Group is located at 9454 Wilshire Blvd., Suite 907, Beverly Hills, California 90212.

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want to hire your own lawyer, you may do so at your own expense. For example, you can hire your own legal counsel to appear in Court for you if you want someone other than Class Counsel to speak for you.

| **24.** | **How will the Lawyers and Settlement Administrator be paid?** |
|---|---|

The amount of attorneys' fees and costs awarded to the Class Counsel will be subject to Court approval. You will not have to pay these fees and expenses separately. If the Court grants Class Counsels' request, the fees and expenses will be deducted from the Settlement Sum.

Because Class Counsel have obtained a benefit for the Class, Class Counsel will request that the Court award them attorneys' fees and costs of up to but no more than $1,866,666.67, which is one-third of the Settlement Sum described above. Any amounts approved by the Court will constitute full payment for all legal fees of Class Counsel and their expenses incurred in the lawsuit, including any work they do in the future. Any unawarded amount of attorneys' fees and costs will be included in the Net Settlement Sum distributed to the Class. The application for these fees and costs is on file with the Court, and it can be reviewed in the same manner as other court documents as set forth below.

The Settlement Administrator will be paid out of the Settlement Sum.

| 25. | What will the Named Plaintiff be paid? |

Plaintiff will receive his pro rata share of the Settlement.  In addition, subject to Court approval, Plaintiff will receive an additional $10,000.00 for his time and effort in assisting with this litigation.  If less than $10,000 is awarded by the Court, any unawarded amount will be included in the Net Settlement Sum distributed to the Class.  In exchange for this payment, Plaintiff is waiving and releasing all claims he has against the CBS Defendants.

## VII.   OBJECTING TO THE SETTLEMENT

| 26. | Why might I object to the Settlement? |

If you disagree with any part of the Settlement, or think the proposed Settlement is somehow unfair, inadequate or unreasonable; or if you object to the amount of attorneys' fees, costs and expenses claimed by Class Counsel, and/or the enhancement award for the Named Plaintiff, you can say so and give reasons why you think the Court should not approve it.  That is an objection.  The Court will consider your views.  Objecting, however, does not affect your right to participate in the Settlement or to receive your individual Settlement payment, although if the Court were to agree with your objections it is possible that there would be no Settlement and that litigation would resume.

| 27. | How do I object to the Settlement? |

You may object to the terms of the settlement before final approval by: (1) Filing written objections with the Court; (2) Mailing a copy of the objection to the Settlement Administrator; and (3) Serving these objections on Class Counsel and Counsel for the CBS Defendants by [DATE thirty (30) days of the date of the initial mailing of the Notice of Class Settlement] at the addresses listed in this Notice at Sections V and IX.   If the Court overrules your objection, you will still remain in the class and release pertinent claims as set forth above in Section VI.

Objections not previously filed in writing in a timely manner will not be considered at the Final Fairness Hearing.  Any attorney who will represent an individual objecting to the settlement agreement must file a notice of appearance with the Court and serve counsel for all parties by [DATE - within thirty (30) days of the date of the initial mailing of the Notice of Class Settlement].  All objections or other correspondence must state the name and number of the case, which is *Earl Fronda v. Staffmark Holdings, Inc., et al*, United States District Court, Northern District, Case No. 3:15-CV-02315-MEJ.  The Court will rule on all objections at the Final Fairness and Approval Hearing.  However, if the Court rejects your objection, you will still be bound by the terms of the settlement.

Any Class Member who does not object in the manner provided above shall be deemed to have approved the settlement and to have waived any objections to the fairness or adequacy of the proposed settlement, the plan of distribution, costs of administration, the enhancement award, the costs to be paid to Class Counsel and the Settlement Administrator, Class Counsel's request for attorney's fees, or any other aspect of the settlement.

Keep in mind:  While the Court will consider your objections, there is no guarantee that the Court will agree with them or take any actions based on your objections.

| 28. | What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## VIII. THE COURT'S FAIRNESS HEARING

**29.  May I attend the hearing?**

Following a hearing on [INSERT DATE], the Court granted preliminary approval for the settlement of this lawsuit as a class and collective action and scheduled a hearing on final approval for [INSERT DATE].  This hearing will take place before the Honorable Maria Elena James in Courtroom B of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  Class members can express their views on the settlement at or before this hearing but you are not required to do so, nor are you required to attend this hearing to receive payment or exercise other rights.

At this hearing, Class Counsel will present any timely written objections to the Court.  Late written objections will not be valid.

Again, your attendance at this hearing is completely optional, and Class Members like you need not appear at this hearing or take any other action to receive payment.

## IX. ADDITIONAL INFORMATION

**30.  Are there more details about the Settlement?**

This Notice does not fully describe this settlement.  Members of the public, including but not limited to persons whose rights may be affected by the lawsuit, may inspect the files (including the full settlement agreement) through the Court Clerk at the following address:  Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.  In addition, at this website [WEBSITE ADDRESS], you can obtain copies of the following documents:  (a) the operative complaint in the lawsuit; (b) the operative answer to the complaint filed by the CBS Defendants in the lawsuit; (c) the complete settlement agreement; (d) the motion for preliminary approval; (e) the order granting preliminary approval and setting the <date> hearing on the settlement; and (f) Class Counsel's application for attorneys' fees and costs.

Any questions regarding this Notice and/or the Settlement should be directed to your Class Counsel at:

> SETAREH LAW GROUP
> SHAUN SETAREH
> H. SCOTT LEVIANT
> 9454 Wilshire Boulevard, Suite 907, Beverly Hills, CA  90212
> Telephone: (310) 888-7771
> shaun@setarehlaw.com; scott@setarehlaw.com

or the Settlement Administrator at:

> KCC, LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245
> [INSERT TELEPHONE NUMBER AND EMAIL ADDRESS].

**31.  Am I protected against retaliation or discrimination if I exercise my rights?**

California law prohibits the CBS Defendants from retaliating in any way against you because you have exercised your right under California law to participate in this settlement.

| **32.** | **What if the Settlement is not approved?** |

If the settlement agreement is not approved by the Court, or if any of its conditions are not satisfied, the conditional settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens there is no assurance: (a) That any decision at trial would be in favor of class members; (b) That a favorable trial decision, if any, would be as favorable to the class members as this settlement; or (c) That any favorable trial decision would be upheld if an appeal was filed.

| **33.** | **Approval of the Settlement is not an opinion on the merits of the case.** |

On _____, 2017, the Court preliminarily approved the settlement agreement, certified the class for settlement purposes only, and found that the agreement was fair and reasonable. However, the Court has expressed no opinion regarding the merits of Plaintiff's claims or the liability of the CBS Defendants.


**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CBS DEFENDANTS WITH QUESTIONS REGARDING THIS ACTION.** If you do have questions or want more information, please contact Class Counsel or the Settlement Administrator (at the address, e-mail address, or number listed above).

[FOOTER FOR EACH PAGE, ADD: "Any Questions?  Call [Settlement Admin #]]